USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/5/2019_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICTOR ALFONSO RAPOSO ACOSTA,

    Plaintiff,

-against-

EDITH HUEZO CUEVA, UNITEX TEXTILE RENTAL SERVICES, A & P COAT APRON & LIN SUP INC, SHARED TEXTILE SERVICES DIV. OF A & P COAT, APRON & LINEN SUPPLY, INC., A & P COAT, APRON & LINEN SUPPLY, INC., and RYDER CORP. a/k/a RYDER TRUCK RENTAL INC.,

    Defendants.

---

19 Civ. 6245 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Victor Alfonso Raposo Acosta, brings this action seeking damages arising out of a motor vehicle accident. Complaint ¶¶ 1, 125–128, ECF No. 20. Plaintiff originally filed this action in New York State Supreme Court, Bronx County on May 8, 2019. ECF No. 1-1. Defendants Edith Huezo Cueva and Ryder Corp. removed the case to this Court on July 3, 2019, pursuant to 28 U.S.C. § 1441. Notice of Removal ¶ 6, ECF No. 1. On October 23, 2019, Plaintiff sought leave to file an amended complaint to add four additional defendants: (1) Unitex Textile Rental Services ("Unitex"), (2) A & P Coat Apron & Lin Sup Inc, (3) Shared Textile Services Div. of A & P Coat, Apron & Linen Supply, Inc., and (4) A & P Coat, Apron & Linen Supply, Inc. ("Apron & Linen"). ECF No. 14 at 1. Defendants Cueva and Ryder Corp. did not object to Plaintiff amending his complaint, ECF No. 16. The Court granted Plaintiff leave to amend his complaint on November 1, 2019, ECF No. 17 at 3.

    On November 22, 2019, the Court noted that several of the newly added Defendants appeared to be citizens of New York and that complete diversity between Plaintiff and

Defendants was likely lacking. Order to Show Cause at 4–5, ECF No. 25. For example, Plaintiff's corporation search indicated that Unitex and Apron & Linen were incorporated in the State of New York. ECF No. 19-1 at 2, 5. And "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated." *Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir.), cert. denied, 139 S. Ct. 343 (2018) (quoting 28 U.S.C. § 1332(c)(1)). This would mean that Unitex, Apron & Linen, and Plaintiff are all citizens of the same state, New York. Moreover, a review of Unitex's website lists the corporate office as located in Elmsford, New York, *see* UNITEX, https://www.unitex.com/contact/locations/ (last visited Dec. 5, 2019), suggesting that Unitex's principal place of business is likely in New York.

As such, on November 22, 2019, the Court ordered Plaintiff to Show Cause, by December 4, 2019, why the matter should not be remanded to the Supreme Court of Bronx County, for lack of subject matter jurisdiction. Order to Show Cause at 4–5. That same day, Plaintiff responded and stated that he is "unable to provide a reason as to why this action should not be remanded to the Supreme Court of Bronx County, State of New York." ECF No. 30 at 1. Defendants have offered no opposition to the matter being remanded. Therefore, the Court continues to hold that subject matter jurisdiction is lacking, and "[i]f subject matter jurisdiction is lacking . . . the court has the duty to dismiss the action *sua sponte*." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009).

Accordingly, the matter is REMANDED to the Supreme Court, Bronx County. The Clerk of Court is directed to remand the case to Supreme Court, Bronx County, and close the case.

SO ORDERED.

Dated: December 5, 2019
      New York, New York

ANALISA TORRES
United States District Judge